UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ORTIZ SANTANA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. 2:14-cv-2751 AC (TEMP) P<br><br><br>ORDER |

Petitioner, a former state prisoner proceeding pro se, has filed a petition for writ of coram nobis. Petitioner has paid the filing fee.

For the reasons discussed herein, the court will dismiss the petition.[1]

**THE PETITION**

Petitioner commenced this action by filing a petition for writ of coram nobis challenging unspecified drug-related convictions entered by the San Joaquin County Superior Court. According to petitioner, he entered an "unvoluntary/unknowing plea" that resulted in a six-year sentence in state prison. Petitioner claims that he received ineffective assistance of counsel during his criminal proceedings. Petitioner also claims that he continues to suffer civil as well as legal disabilities as a direct consequence of his convictions. (Pet. at 1-8 & Petn'r's Decl. at 1-3.)

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. Nos. 3 & 4)

1

**DISCUSSION**

"Coram nobis is an extraordinary writ that usually is available only to petitioners who have fully served their sentences." United States v. Monreal, 301 F.3d 1127, 1131-32 (9th Cir. 2002). District courts may issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Crowell, 374 F.3d 790, 794 (9th Cir. 2004). However, a federal court may only issue the writ with respect to a federal criminal sentence. See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985) ("The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases.").

In this case, coram nobis relief is not available to petitioner because he seeks to challenge convictions entered by the San Joaquin County Superior Court.[2] See Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir.1972) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis applies only to challenge errors occurring in the same court."), rev'd on other grounds, 411 U.S. 345 (1973); Casas–Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008) ("Coram nobis relief is not available in federal court to attack a state court conviction."); Williams v. Waggener, 271 Fed. App'x 603, 604 (9th Cir. 2008) (district court "lacked authority to issue a writ of error coram nobis with respect to a state court conviction."). See also Finkelstein v. Sister, 455 F.3d 131, 134 (2d Cir. 2006) ("District courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); Brandon v. Los Angeles County Sup. Ct., No. CV 15-2187 CAS (MAN), 2015 WL 1541567 at *2 (C.D. Cal. Apr. 2, 2015) (district court has no power

---

[2] Petitioner's federal remedy with respect to his state court convictions was to pursue a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Even if the court construed petitioner's pending petition as brought pursuant to § 2254, this court would lack jurisdiction to provide him relief. Subject matter jurisdiction over habeas petitions exists only when the petitioner, at the time he files his petition, is "in custody" pursuant to the conviction he challenges in the petition. Maleng v. Cook, 490 U.S. 488, 490–91 (1989); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired." Maleng, 490 U.S. at 492. Petitioner previously completed service of the sentence he challenges, so he was not "in custody" for purposes of § 2254 when he filed the pending petition.

to grant coram nobis relief to petitioner seeking to challenge his state conviction and sentence); Pulley v. California, No. CV 14-7327 PA (E), 2014 WL 4829064 at *1 (C.D. Cal. Sept. 25, 2014) (coram nobis relief not available to petitioner seeking to challenge a Sacramento Superior Court conviction). If petitioner believes he is entitled to the extraordinary remedy he seeks, he should file his petition in the San Joaquin County Superior Court.

For these reasons, the court will dismiss petitioner's petition for writ of coram nobis.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of coram nobis is dismissed;
2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
3. The Clerk of the Court is directed to close this case.

DATED: May 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE